FILED by _____ KS _____ D.C.

**Oct 14, 2021**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
# 21-20528-CR-WILLIAMS/MCALILEY
Case No. _____

18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(A)
18 U.S.C. § 2
18 U.S.C. § 1956(a)(1)(B)
15 U.S.C. § 78dd-2
15 U.S.C. § 78dd-3
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

vs.

**JORGE CHERREZ MIÑO, and**
**JOHN LUZURIAGA AGUINAGA,**

        **Defendants.**

_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment, unless otherwise specified:

### RELEVANT STATUTORY BACKGROUND

1.     The Foreign Corrupt Practices Act of 1977, as amended, Title 15, United States Code, Sections 78dd-1, *et seq.* (the "FCPA"), was enacted by Congress for the purpose of, among other things, making it unlawful for certain classes of persons and entities to act corruptly in furtherance of an offer, promise, authorization, or payment of money or anything of value to a foreign government official for the purpose of influencing the foreign official, inducing the foreign official to take or omit certain acts, and securing an improper advantage in order to assist those classes of persons in obtaining or retaining business for, or directing business to, any person.

1

## RELEVANT INDIVIDUALS AND ENTITIES

2.      Instituto de Seguridad Social de la Policia Nacional ("ISSPOL") was the Ecuadorian public institution responsible for managing the financial contributions by Ecuadorian police officers toward their social security. ISSPOL was controlled by the government of Ecuador and performed a function that Ecuador treated as its own, and was an "instrumentality" of the Ecuadorian government as that term is used in the FCPA, Title 15, United States Code, Sections 78dd-2(h)(2)(A) and 78dd-3(f)(2)(A).

3.      "U.S. Investment Fund Companies," the identities of which are known to the grand jury, were a group of companies incorporated in Florida. Each of the U.S. Investment Fund Companies was a "domestic concern" as that term is defined in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1)(B).

4.      Defendant **JORGE CHERREZ MIÑO** was a citizen of Ecuador who served as the manager, president, and director of the U.S. Investment Fund Companies. **JORGE CHERREZ MIÑO** was an officer, director, employee, and agent of a "domestic concern" as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-2(a).

5.      Defendant **JOHN LUZURIAGA AGUINAGA** was a citizen of Ecuador who served as the ISSPOL Risk Director from at least in or around 2014 through at least in or around 2019. **JOHN LUZURIAGA AGUINAGA** also served on ISSPOL's Investment Committee and had influence over ISSPOL investment decisions. **JOHN LUZURIAGA AGUINAGA** was a "foreign official" as that term is used in the FCPA, Title 15, United States Code, Sections 78dd-2(h)(2)(A) and 78dd-3(f)(2)(A).

6.      "CHERREZ Panama Company 1," the identity of which is known to the grand jury, was a Panama registered company that obtained lucrative ISSPOL investment management

2

business.  CHERREZ Panama Company 1 was controlled by **JORGE CHERREZ MIÑO**.

       7.     "CHERREZ Panama Company 2," the identity of which is known to the grand jury, was a Panama registered company that was controlled by **JORGE CHERREZ MIÑO**.

       8.     Deposito Centralizado de Compensacion y Liquidacion de Valores DECEVALE S.A. ("Decevale") was an Ecuadorian corporation that operated a centralized depository for the clearing and settlement of securities.  Its controlling shareholders were the Stock Exchanges of Guayaquil and Quito, Ecuador.  Decevale acted as a clearinghouse and custodian for ISSPOL investments.

       9.     Luis Alvarez Villamar ("Alvarez") was a citizen of Ecuador who began working at Decevale in or around 2003 and was the Operations Manager at Decevale until approximately October 2020.

**COUNT 1**
**(Conspiracy to Commit Money Laundering – 18 U.S.C. § 1956(h))**

       1.     Paragraphs 1 through 9 of the General Allegations Section are re-alleged and incorporated by reference as though fully set forth herein.

       2.     From in or around 2014, continuing until at least in or around 2020, in the Southern District of Florida, and elsewhere, the defendants,

**JORGE CHERREZ MIÑO, and**
**JOHN LUZURIAGA AGUINAGA**

did knowingly and voluntarily combine, conspire, confederate, and agree with each other, and persons known and unknown to the Grand Jury, to commit an offense against the United States, that is:

       a.     To knowingly conduct, and aid, abet, and cause others to conduct, and attempt to conduct, financial transactions affecting interstate and foreign commerce, which

3

transactions involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A);

b.   To knowingly conduct, and aid, abet, and cause others to conduct, and attempt to conduct, financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and that the financial transactions were designed in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B).

It is further alleged that the specified unlawful activity is the following: (a) a felony violation of the FCPA, Title 15, United States Code, Sections 78dd-2 and 78dd-3; and (b) an offense against a foreign nation, specifically Ecuador, involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official, as provided by Title 18, United States Code, Section 1956(c)(7)(B)(iv).

## PURPOSE OF THE CONSPIRACY

It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by engaging in a scheme to bribe Ecuadorian officials to obtain and retain contracts and other business advantages, including obtaining contracts to act as ISSPOL's investment advisor, and to launder bribes, proceeds, and other funds related to the corrupt scheme

into and through accounts in the United States in order to promote the illegal bribery scheme and to conceal the nature and purpose of the proceeds of the illegal bribery scheme.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which **JORGE CHERREZ MIÑO, JOHN LUZURIAGA AGUINAGA,** and their co-conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following conduct in the Southern District of Florida and elsewhere:

3.      **JORGE CHERREZ MIÑO**, together with others, while in the Southern District of Florida and elsewhere, did offer, promise, pay, and authorize the payment of bribes, directly and indirectly, to and for the benefit of foreign officials in Ecuador, including **JOHN LUZURIAGA AGUINAGA** and others, to secure their assistance in awarding contracts and providing business advantages to **JORGE CHERREZ MIÑO** and his companies.

4.      From at least in or around 2014 through at least in or around 2020, **JORGE CHERREZ MIÑO** and the U.S. Investment Fund Companies he controlled paid more than $2.6 million to ISSPOL officials—including approximately $1,397,066 for the benefit of **JOHN LUZURIAGA AGUINAGA**—in exchange for **JOHN LUZURIAGA AGUINAGA** and the other ISSPOL officials using their official positions to assist the U.S. Investment Fund Companies, **JORGE CHERREZ MIÑO**, and others to obtain and retain business for **JORGE CHERREZ MIÑO**, CHERREZ Panama Company 1, and others.

5.      **JORGE CHERREZ MIÑO** and **JOHN LUZURIAGA AGUINAGA,** together with others, while in the Southern District of Florida and elsewhere, did discuss in person and by other methods of communication the manner and means by which bribes were to be paid.

6.      **JORGE CHERREZ MIÑO**, together with others, while in the Southern District of Florida and elsewhere, used the U.S. Investment Fund Companies, CHERREZ Panama Company 1, CHERREZ Panama Company 2, and bank accounts controlled by **JORGE CHERREZ MIÑO** and others to promote the illegal bribery scheme and to conceal the nature and purpose of the proceeds of the illegal bribery scheme.

### *Investment Transactions*

7.      From at least in or around 2014 through at least in or around 2019, **JOHN LUZURIAGA AGUINAGA**, as the Risk Director of ISSPOL and sitting on ISSPOL's Investment Committee, had influence over ISSPOL investment decisions, including who ISSPOL hired to invest its funds.

8.      In or around December 2015 and January 2016, ISSPOL entered into a "swap transaction" agreement with CHERREZ Panama Company 2, which was reviewed and approved by **JOHN LUZURIAGA AGUINAGA** and others.  The swap transaction was designed so that companies controlled by **JORGE CHERREZ MIÑO** would obtain local Ecuadorian bonds from ISSPOL and invest them in Global Depository Notes ("GDNs").  The GDNs made payments on a set payment schedule that included interest and principal to companies controlled by **JORGE CHERREZ MIÑO**.  In exchange, companies controlled by **JORGE CHERREZ MIÑO** were to make payments to ISSPOL on a similar payment schedule.

9.      As part of the swap transaction, **JORGE CHERREZ MIÑO**'s companies received more money earlier and more money overall at the expense of ISSPOL. For example, in 2017, CHERREZ Panama Company 1 received approximately $40.5 million as a result of this swap transaction, whereas ISSPOL received approximately $20 million.  As a result, between in or

around 2016 and in or around 2019, **JORGE CHERREZ MIÑO**, through his Panama companies, profited approximately $65 million on this swap transaction.

10.    CHERREZ Panama Company 1 received its payments resulting from the corruptly obtained swap transaction in its bank account in the United States. A portion of that money was transferred into U.S. Investment Fund Companies' bank accounts in the United States.

11.    From at least in or around 2014 through at least in or around 2019, ISSPOL and CHERREZ Panama Company 1 entered into bond repurchase transactions whereby CHERREZ Panama Company 1 sold bonds to ISSPOL with a promise to repurchase the bonds at a set date for a set amount that included interest.

12.    CHERREZ Panama Company 1 failed to meet payment obligations to ISSPOL on more than half of the bond repurchase transactions. As of in or around August 2020, approximately $111 million in repurchase agreements were overdue out of a total of approximately $205 million.

### *Bribery and Money Laundering Schemes*

13.    From at least in or around 2014 through at least in or around 2020, **JORGE CHERREZ MIÑO** directed payments to **JOHN LUZURIAGA AGUINAGA** in at least three ways: (1) payments totaling approximately $419,226 made by checks payable to **JOHN LUZURIAGA AGUINAGA**; (2) payments totaling approximately $663,000 made to relatives of **JOHN LUZURIAGA AGUINAGA** for his benefit; and (3) payments to a U.S.-based bank account in the name of one of the U.S. Investment Fund Companies and for which **JORGE CHERREZ MIÑO** held signatory authority, but for which **JOHN LUZURIAGA AGUINAGA** held a debit card in his own name that **JOHN LUZURIAGA AGUINAGA** used for purchases and cash withdrawals of approximately $313,840.

14.     From in or around December 2015 through in or around January 2016, **JORGE CHERREZ MIÑO** and **JOHN LUZURIAGA AGUINAGA** exchanged numerous text messages regarding the closing of the swap transaction with ISSPOL.

15.     On or about December 31, 2015, **JOHN LUZURIAGA AGUINAGA** sent a text message to **JORGE CHERREZ MIÑO** (translated from Spanish) stating, "[T]hank you for fixing my financial life and that of my family."

16.     On or about February 23, 2016, **JORGE CHERREZ MIÑO** caused a transfer via check from a U.S. Investment Fund Companies' bank account in the amount of approximately $80,000 to a relative of **JOHN LUZURIAGA AGUINAGA**. The relative of **JOHN LUZURIAGA AGUINAGA** deposited the check in a U.S.-based bank account.

17.     On or about December 9, 2017, **JOHN LUZURIAGA AGUINAGA** sent a text message to **JORGE CHERREZ MIÑO** directing **JORGE CHERREZ MIÑO** to put "10" into an account for one relative of **JOHN LUZURIAGA AGUINAGA** and another "10" into an account for a different relative of **JOHN LUZURIAGA AGUINAGA**.

18.     On or about December 12, 2017, **JORGE CHERREZ MIÑO** caused two separate checks for approximately $10,000 each to be issued from the U.S.-based bank accounts of U.S. Investment Fund Companies to the two relatives identified by **JOHN LUZURIAGA AGUINAGA**. These checks were deposited in U.S.-based accounts.

19.     On or about January 12, 2018, while in the Southern District of Florida, **JORGE CHERREZ MIÑO** sent text messages to **JOHN LUZURIAGA AGUINAGA** requesting information regarding ISSPOL investments and whether the money had been credited. **JOHN LUZURIAGA AGUINAGA** confirmed the money had been credited and **JORGE CHERREZ MIÑO** stated this was (translated from Spanish) "good news." **JOHN LUZURIAGA**

**AGUINAGA** stated the amount ISSPOL had to invest and **JORGE CHERREZ MIÑO** told **JOHN LUZURIAGA AGUINAGA** he was working on it and sent a text message stating "47908."

20. On or about January 12, 2018, **JORGE CHERREZ MIÑO** caused U.S. Investment Fund Companies to transfer approximately $47,908 into a U.S.-based bank account in the name of "Portafolio JL" over which **JORGE CHERREZ MIÑO** had sole signatory authority, but for which **JORGE CHERREZ MIÑO** had caused a debit card to be issued to **JOHN LUZURIAGA AGUINAGA**. The "Portafolio JL" bank account had been opened in or around November 2014 in the Southern District of Florida by **JORGE CHERREZ MIÑO** and funded by CHERREZ Panama Company 1 and the U.S. Investment Fund Companies.

21. That same day, on or about January 12, 2018, **JORGE CHERREZ MIÑO** also caused U.S. Investment Fund Companies to transfer approximately $47,908 into another account named "Portafolio" followed by the initials of a second official located in the Southern District of Florida. This account was similar to the Portafolio JL account and was held for the benefit of a second ISSPOL official who was involved in approving ISSPOL's investments with **JORGE CHERREZ MIÑO**'s companies.

22. On or about June 14, 2018, **JORGE CHERREZ MIÑO** and **JOHN LUZURIAGA AGUINAGA** exchanged text messages regarding ISSPOL investments. During this communication, **JOHN LUZURIAGA AGUINAGA** sent **JORGE CHERREZ MIÑO** an image of a spreadsheet that showed different ISSPOL investments and a line item for percentages owed to individuals, including an individual identified as "JL." The total owed to JL on this spreadsheet was approximately $289,226.

23.     On or about June 15, 2018, **JORGE CHERREZ MIÑO** caused a U.S-based bank account of U.S. Investment Fund Companies to pay **JOHN LUZURIAGA AGUINAGA** approximately $189,226 via check. The check was deposited the same day in the Southern District of Florida into an account controlled by **JOHN LUZURIAGA AGUINAGA**.

24.     On or about February 27, 2019, **JORGE CHERREZ MIÑO**, while in the Southern District of Florida, withdrew approximately $15,000 in cash from the Portafolio JL debit card account to purchase a cashier's check payable to a relative of **JOHN LUZURIAGA AGUINAGA.**

25.     On or about May 2, 2019, **JORGE CHERREZ MIÑO** caused a U.S-based bank account of U.S. Investment Fund Companies to pay **JOHN LUZURIAGA AGUINAGA** approximately $40,000 via check. The check was deposited at a U.S. bank in the Southern District of Florida on or about May 6, 2019.

26.     **JORGE CHERREZ MIÑO** also made payments to other ISSPOL officials who approved ISSPOL's investments with his company. For example, between on or about November 3, 2014 and on or about February 5, 2016, **JORGE CHERREZ MIÑO** caused U.S. Investment Fund Companies to transfer approximately $315,513 for the benefit of a third ISSPOL official who had influence over ISSPOL's investment decisions.

27.     Further, between on or about November 22, 2017, and on or about December 19, 2017, **JORGE CHERREZ MIÑO** caused U.S. Investment Fund Companies to transfer approximately $114,164 for the benefit of the daughter of a fourth senior official at ISSPOL who approved ISSPOL's investments with **JORGE CHERREZ MIÑO**'s companies.

28.     Between in or around 2014 and in or around 2019, **JORGE CHERREZ MIÑO** also caused bank accounts he controlled to transfer approximately $3,155,671 for the benefit of

Alvarez, including deposits made in the Southern District of Florida, in exchange for Alvarez giving **JORGE CHERREZ MIÑO** control over the ISSPOL investments under Decevale's custody.  This permitted **JORGE CHERREZ MIÑO** to act as investment advisor and custodian of ISSPOL assets.  **JORGE CHERREZ MIÑO** caused Alvarez to conceal the fact that Decevale did not have custody over the ISSPOL assets by creating false and backdated contracts.

All in violation of Title 18, United States Code, Section 1956(h).

### COUNTS 2-3
**Promoting Unlawful Activity**
**(18 U.S.C. §§ 1956(a)(1)(A)(i) and 2)**

1.      Paragraphs 1 through 9 of the General Allegations Section and paragraphs 1 through 28 of the Manner and Means Section of Count 1 are realleged and incorporated by reference as though fully set forth herein.

2.      On or about the dates set forth in each Count below, in the Southern District of Florida and elsewhere, the defendants,

**JORGE CHERREZ MIÑO, and**
**JOHN LUZURIAGA AGUINAGA,**

did knowingly conduct, and aid, abet, and cause others to conduct, and attempt to conduct, financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and that the financial transactions were designed in whole and in part, with the intent to promote the carrying on of specified unlawful activity.  It is further alleged that the specified unlawful activity is the following:  (a) a felony violation of the FCPA, Title 15, United States Code, Sections 78dd-2 and 78dd-3; and (b) an offense against a foreign nation, specifically Ecuador, involving bribery of a

public official, and the misappropriation, theft, and embezzlement of public funds by and for the

benefit of a public official, pursuant to Title 18, United States Code, Section 1956(c)(7)(B)(iv):

| Count | Approximate Date | Description of Transaction |
|-------|-----------------|---------------------------|
| 2 | May 1, 2019 | Transfer via check in the amount of approximately $35,000 issued from a bank account controlled by **JORGE CHERREZ MIÑO** in the Southern District of Florida to a bank account in the Southern District of Florida controlled by and for the benefit of **JOHN LUZURIAGA AGUINAGA.** |
| 3 | May 6, 2019 | Transfer via check in the amount of approximately $40,000 issued from a bank account controlled by **JORGE CHERREZ MIÑO** in the Southern District of Florida to a bank account in the Southern District of Florida controlled by and for the benefit of **JOHN LUZURIAGA AGUINAGA.** |

In violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

**COUNTS 4-5**
**Concealing Proceeds of Specified Unlawful Activity**
**(18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)**

3.     Paragraphs 1 through 9 of the General Allegations Section and paragraphs 1

through 28 of the Manner and Means Section of Count 1 are realleged and incorporated by

reference as though fully set forth herein.

4.     On or about the dates set forth in each Count below, in the Southern District of

Florida and elsewhere, the defendants,

**JORGE CHERREZ MIÑO, and**
**JOHN LUZURIAGA AGUINAGA,**

did knowingly conduct, and aid, abet, and cause others to conduct, and attempt to conduct,

financial transactions affecting interstate and foreign commerce, which transactions involved the

proceeds of specified unlawful activity, knowing that the property involved in the financial

transactions represented the proceeds of some form of unlawful activity, and that the financial

12

transactions were designed in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and control of the proceeds of said specified unlawful activity. It is further alleged that the specified unlawful activity is the following: (a) a felony violation of the FCPA, Title 15, United States Code, Sections 78dd-2 and 78dd-3; and (b) an offense against a foreign nation, specifically Ecuador, involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official, pursuant to Title 18, United States Code, Section 1956(c)(7)(B)(iv):

| Count | Approximate Date | Description of Transaction |
|:-----:|:----------------:|---------------------------|
| 4 | May 30, 2017 | Wire transfer in the amount of approximately $100,000 from a bank account controlled by **JORGE CHERREZ MIÑO** in the Southern District of Florida to a bank account in the Middle District of Florida held in the name of a relative of **JOHN LUZURIAGA AGUINAGA** for the benefit of **JOHN LUZURIAGA AGUINAGA**. |
| 5 | May 18, 2018 | Transfer via check in the amount of approximately $200,000 issued from a bank account controlled by **JORGE CHERREZ MIÑO** in the Southern District of Florida to a relative of **JOHN LUZURIAGA AGUINAGA**, for the benefit of **JOHN LUZURIAGA AGUINAGA**. |

In violation of Title 18, United States Code, Sections 1956(a)(1)(B) and 2.

**COUNTS 6-7**
**Foreign Corrupt Practices Act**
**(15 U.S.C. § 78dd-2; 18 U.S.C. § 2)**

1.     Paragraphs 1 through 9 of the General Allegations Section and paragraphs 1 through 28 of the Manner and Means Section of Count 1 are realleged and incorporated by reference as though fully set forth herein.

2.     On or about the dates set forth in each Count below, in the Southern District of Florida and elsewhere, the defendant,

**JORGE CHERREZ MIÑO,**

being an officer, director, employee, and agent of a domestic concern, did willfully use and cause to be used and aid, abet, counsel, command, induce, and procure the use of the mails and a means and instrumentality of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of money, offer, gift, promise to give, and authorization of the giving of anything of value to a foreign official, and to a person, while knowing that all and a portion of such money and thing of value would be and had been offered, given, and promised, directly and indirectly, to a foreign official, for purposes of: (i) influencing an act and decision of such foreign official in his or her official capacity; (ii) inducing such foreign official to do and omit to do an act in violation of the lawful duty of such official; (iii) securing an improper advantage; and (iv) inducing such foreign official to use his or her influence with a foreign government and agencies and instrumentalities thereof to affect and influence an act and decision of such government and agencies and instrumentalities, in order to assist U.S. Investment Fund Companies and others in obtaining and retaining business for and with, and directing business to, **JORGE CHERREZ MIÑO,** U.S. Investment Fund Companies, and others:

| Count | Approximate Date | Means and Instrumentalities of Interstate Commerce |
|-------|------------------|----------------------------------------------------|
| 6 | January 12, 2018 | Wire transfer in the amount of approximately $47,908 from a bank account controlled by **JORGE CHERREZ MIÑO** in the Southern District of Florida to the Portfolio JL account for the benefit of **JOHN LUZURIAGA AGUINAGA.** |
| 7 | March 5, 2020 | Text message exchange between **JORGE CHERREZ MIÑO** and another individual, who was located in the Southern District of Florida, relating to delivery of three checks to **JOHN LUZURIAGA AGUINAGA** in furtherance of the illegal bribery scheme. |

In violation of Title 15, United States Code, Section 78dd-2, and Title 18, United States Code, Section 2.

## COUNT 8
### Foreign Corrupt Practices Act
### (15 U.S.C. § 78dd-3; 18 U.S.C. § 2)

1.      Paragraphs 1 through 9 of the General Allegations Section and paragraphs 1 through 28 of the Manner and Means Section of Count 1 are realleged and incorporated by reference as though fully set forth herein.

2.      On or about the date set forth in each Count below, in the Southern District of Florida and elsewhere, the defendant,

### JORGE CHERREZ MIÑO,

while in the territory of the United States, did willfully use and cause to be used and aid, abet, counsel, command, induce, and procure the use of the mails and a means and instrumentality of interstate commerce corruptly, and do an act in furtherance of an offer, payment, promise to pay, and authorization of the payment of money, offer, gift, promise to give, and authorization of the giving of anything of value to a foreign official, and to a person, while knowing that all and a portion of such money and thing of value would be and had been offered, given, and promised, directly and indirectly, to a foreign official, for purposes of: (i) influencing an act and decision of such foreign official in his or her official capacity; (ii) inducing such foreign official to do and omit to do an act in violation of the lawful duty of such official; (iii) securing an improper advantage; and (iv) inducing such foreign official to use his or her influence with a foreign government and agencies and instrumentalities thereof to affect and influence an act and decision of such government and agencies and instrumentalities, in order to assist **JORGE CHERREZ MIÑO** and others in obtaining and retaining business for and with, and directing business to,

**JORGE CHERREZ MIÑO,** U.S. Investment Fund Companies, and others, as follows: on or about February 27, 2019, **JORGE CHERREZ MIÑO,** while in the Southern District of Florida, withdrew approximately $15,000 in cash from the Portafolio JL debit card account to purchase a cashier's check payable to a relative of **JOHN LUZURIAGA AGUINAGA** in furtherance of the illegal bribery scheme.

In violation of Title 15, United States Code, Section 78dd-3, and Title 18, United States Code, Section 2.

### FORFEITURE
### (18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1))

1.      The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **JORGE CHERREZ MIÑO** and **JOHN LUZURIAGA AGUINAGA,** have an interest.

2.      Upon conviction of a violation of Title 15, United States Code, Section 78dd-2, as alleged in this Indictment, the defendant, **JORGE CHERREZ MIÑO,** shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3.      Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged this Indictment, the defendants, **JORGE CHERREZ MIÑO** and **JOHN LUZURIAGA AGUINAGA,** shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4.      The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, a sum of approximately $176,000,000 in U.S. currency, which represents the

16

amount of funds involved in the violations of Title 18, United States Code, Section 1956 alleged in this Indictment, and which may be sought as a forfeiture money judgment.

5.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property that cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property, under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(1), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, 982(b)(1).

A TRUE BILL

_____
FOREPERSON

For _____
JOSEPH S. BEEMSTERBOER
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION

_____
Alexander Kramer
Drew Bradylyons
James Mandolfo
Trial Attorneys

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

JORGE CHERREZ MINO, and
JOHN LUZURIAGA AGUINAGA,

_____Defendants._____/

CASE NO._____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division:** (Select One)

| | | | |
|---|---|---|---|
| ✓ | Miami | ___ | Key West |
| ___ | FTL | ___ | WPB   ___ FTP |

New defendant(s)          Yes ____ No ____
Number of new defendants       ____
Total number of counts         ____

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:      (Yes or No)    Yes____
     List language and/or dialect    Spanish_____

4.   This case will take   10   days for the parties to try.

5.   Please check appropriate category and type of offense listed below:

     (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | ____ | Petty | ____ | |
| II | 6 to 10 days | ✓ | Minor | ____ | |
| III | 11 to 20 days | ____ | Misdem. | ____ | |
| IV | 21 to 60 days | ____ | Felony | ✓ | |
| V | 61 days and over | ____ | | | |

(Check only one) — Petty/Minor/Misdem./Felony column

6.   Has this case previously been filed in this District Court?      (Yes or No)     No____
     If yes: Judge                    Case No._____
     (Attach copy of dispositive order)
     Has a complaint been filed in this matter?      (Yes or No)     Yes____
     If yes: Magistrate Case No.     21-mj-02326-Louis (Mino); 21-mj-02270-AOR (Aguinaga)
     Related miscellaneous numbers:   _____
     Defendant(s) in federal custody as of   John Luzuriaga Aguinaga - 2/25/21
     Defendant(s) in state custody as of    _____
     Rule 20 from the District of        _____

     Is this a potential death penalty case? (Yes or No)      No____

7.   Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?      Yes____    No ✓

8.   Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?      Yes____    No ✓

9.   Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?      Yes____    No ✓

_____
ALEXANDER KRAMER
DOJ TRIAL ATTORNEY
Court ID No. A5502240

*Penalty Sheet(s) attached

REV 6/5/2020

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: Jorge Cherrez Mino

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:** 20 Years' Imprisonment

Counts # 2-3

Money Laundering

Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2

**\*Max. Penalty:** 20 Years' Imprisonment

Count # 4-5:

Money Laundering

Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2

**\*Max. Penalty:** 20 Years' Imprisonment

Count # 6-7:

Foreign Corrupt Practices Act

Title 15, United States Code, Sections 78dd-2 and 2

**\*Max. Penalty:** 5 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Count # 8:

Foreign Corrupt Practices Act

Title 15, United States Code, Section 78dd-3 and 2

**\*Max. Penalty:** 5 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: John Luzuriaga Aguinaga

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:** 20 Years' Imprisonment

Counts # 2-3

Money Laundering

Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2

**\*Max. Penalty:** 20 Years' Imprisonment

Count # 4-5:

Money Laundering

Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2

**\*Max. Penalty:** 20 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**